UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JODI SCHILLER,<br><br>                    Plaintiff,<br><br>-against-<br><br>CHRISTOPHER FERNELD, et al.,<br><br>                    Defendants. | 21-CV-8213 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jodi Schiller, who appears *pro se*, brings this action invoking the Court's federal question and diversity of citizenship jurisdiction. She names as Defendants the State of Maine, the Federal Bureau of Investigation, and Maine residents Christopher Ferneld (a Maine Assistant District Attorney), Ethan Shaw, and Laura Shaw. (ECF 2, at 4-5.) By order dated October 8, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the following reasons, the Court transfers this action to the United States District Court for the District of Maine.

## BACKGROUND

Plaintiff, who states that she resides in New York but is "looking for housing," brings this complaint using a court-issued form. She alleges that the individual Defendants, who all appear to reside in Maine, abused her. Specifically, she alleges that

> [i]n 2008-2009, I had a very brief affair with a man who claimed a criminal history and ongoing criminal involvement. After our affair ended and I returned to my marriage, I noticed him engaging in strange activity online on craigslist – around the world. This plus other strange acting led me to go to the F.B.I. and inform them. His name was [Defendant] Ethan Shaw. … Eventually, Shaw forced me to come and all it would take is a cursory look at what happened … unfortunately for me, while I was enslaved, they spoke (my captors) freely … they see Americans working with Russians to bring in weapons on the coast of Maine including nukes for this reason. I believe they have, since I escaped, to have been trying to kill me. I have evidence on my phone.

(*Id.* at 6.) Plaintiff states that she is "in extreme danger," and that an individual "sent by Mr. Shaw, beat [her] up, and tried to kill with a gun." (*Id.*)

In the section of the complaint where she is asked to state the federal constitutional or statutory rights that have been violated, Plaintiff states:

> Trafficked in Maine – sex slave for 2 years civil rights – DA lied to the press in an effort to wrongfully convict me. He pressured a psych ward (where I was wrongfully placed) to try to put me away before a trial. He put me in jail for 2 days for attempting to go to the press.

(*Id.* at 2.)

Plaintiff does not seek specific relief, stating that "no amount of money can make this right." (*Id.* at 6.)

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Liberally construing the complaint, the Court finds that Plaintiff seeks to assert constitutional claims under the Fourth and Fourteenth Amendments arising out of her arrest and detention in a psychiatric ward, as well as state-law claims. All of these claims, however, arose in Maine where Defendants all appear to reside. Because Plaintiff does not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying her claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1)-(2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Maine, where Defendants reside. Venue is therefore proper in the District of Maine. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of Maine. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Maine.[1] A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 18, 2021
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

---

[1] Plaintiff's complaint is not a model of clarity, but in an abundance of caution, the Court transfers this action where venue would be appropriate.